**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 08 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CIRRUS BEIJING CORP., a corporation; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHRISTOPHER M. ADAMS; et al., <br><br> Defendants-Appellees. | No.    17-56741 <br><br> D.C. No. 2:16-cv-09194-TJH-GJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted March 5, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Cirrus (Beijing) Corp. ("Cirrus Beijing") appeals the district court's order dismissing its claims of defamation and related torts against Christopher Adams. The district court held that Adams's allegedly tortious letter to a Chinese stock exchange, the National Equities Exchange and Quotations (the "NEEQ"), was protected by California's litigation privilege, codified at California Civil Code § 47(b). Cirrus Beijing argues that the privilege was applied in error, as its Complaint does not provide sufficient facts to establish that the NEEQ is a quasi-judicial entity. We agree.

California courts apply a multi-factor test when determining whether an entity is quasi-judicial for purposes of the litigation privilege. *See Picton v. Anderson United High Sch. Dist.*, 57 Cal. Rptr. 2d 829, 835 (Ct. App. 1996). Those factors include: "(1) whether the administrative body is vested with discretion based upon investigation and consideration of evidentiary facts, (2) whether it is entitled to hold hearings and decide the issue by the application of rules of law to the ascertained facts, and (3) whether its power affects the personal or property rights of private persons." *Id.*

Cirrus Beijing's Complaint describes the NEEQ as "an over-the-counter Chinese stock exchange which provides a greater depth of financing for Chinese small-to-medium enterprises like Cirrus Beijing. The NEEQ is regulated by the

2

China Securities Regulatory Commission." Nothing in the Complaint establishes whether the NEEQ is an administrative body vested with discretion to consider evidentiary facts, or whether it is "entitled to hold hearings and decide the issue by the application of rules of law to the ascertained facts." *Id.* Although Adams sent a letter to the NEEQ requesting an investigation, nothing in the Complaint addresses the process by which such letters are reviewed or adjudicated. The district court therefore erred in dismissing Cirrus Beijing's claims on the basis of the litigation privilege.

We further find that Cirrus Beijing's appeal is timely. The district court issued a written opinion and dismissed all claims, but did not enter final judgment pursuant to Federal Rules of Civil Procedure 58(a) and 79(a). *See Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 930 (9th Cir. 1999). Consequently, judgment became final 150 days after docketing of the court's written opinion. *See* Fed. R. App. P. 4(a)(7)(A)(ii). Cirrus Beijing had 30 days from that date to file its notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), and satisfied that deadline.

Costs on appeal are awarded to Cirrus Beijing.

**REVERSED AND REMANDED.**